RICE ROWELL *versus* JONATHAN SMALL.

If, in a writ of entry, the declaration omit to allege that the demandant had been seized and that the defendant had disseized, an amendment may be allowed to supply the defect.

If a Judge rule that, *as matter of law*, a specified amendment cannot be allowed, exceptions may be taken to such ruling.

Whitney *v*. Cottle.

Exceptions from the District Court.

Entry. The defendant was summoned to answer to Rice Rowell in "a plea of land, wherein the said Rowell demands against the said Jonathan possession of one undivided third part of the following parcel or tract of land, [described in the declaration,] whereof the said Small unjustly. . . . . . To the damage of said Rowell," &c.

The plaintiff moved to amend the declaration by adding the usual averments, requisite to a declaration in a writ of entry. The Judge ruled that, *as matter of law*, the amendment could not be made.

*Ruggles* and *Gould*, for plaintiff.

*G. Abbott*, for defendant.

WELLS, J. orally. — The declaration, though defective, indicates the cause of action. The demandant cannot recover unless he prove a seizin, and the defendant cannot be charged unless upon proof of disseizin by him. The declaration shows what is demanded, though imperfectly. The requisite averments would have to be supplied, before the demandant could have judgment. Had the Judge ruled against the amendment, as *matter of discretion*, it would have been conclusive. But he ruled, *as matter of law*, and such ruling is open to exceptions. The amendment is allowed, [no terms imposed.] *Exceptions sustained.*